UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cr-209-MOC-DSC-3

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| TORMEKA GRAVES, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 142), and on his Motion to Appoint Counsel, (Doc. No. 143). Defendant seeks release based on the COVID-19 pandemic and the fact that he purportedly suffers from medical conditions that make him susceptible to contracting the virus. Id.

By its terms, 18 U.S.C. § 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they must at least ask the Bureau of Prisons to do so on their behalf and give the Bureau thirty days to respond. See United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020). Here, because Defendant has not presented anything to demonstrate that he has first exhausted administrative remedies provided by the Bureau, the Court declines to exercise any discretion it may have to modify his term of imprisonment at this time. See, e.g., United States v. Vigna, No. 16-CR-786, 2020 WL 1900495, at *6 (S.D.N.Y. Apr. 17, 2020) (declining to address the exhaustion question and requiring a defendant to file a compassionate release request with the Bureau).

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction of Sentence, (Doc. No. 142), is **DENIED** without prejudice to refile his motion and show that he has first exhausted his administrative remedies. Furthermore, Defendant's Motion to Appoint Counsel, (Doc. No. 143), is **DENIED**, as he has no constitutional right to counsel in bringing a compassionate release motion.

Signed: October 6, 2020

Max O. Cogburn Jr
United States District Judge